UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONNA COFFMAN,                          :
                                        :
            Plaintiff,                  :
                                        :
v.                                      : CASE No. 8:07-CV-1416-T-TGW
                                        :
MICHAEL J. ASTRUE,                      :
Commissioner of Social Security,        :
                                        :
            Defendant.                  :
_____:

## O R D E R

This cause came on for consideration upon the plaintiff's Petition

for Attorneys' Fees (Doc. 27) filed by counsel for the plaintiff on October 1,

2008. Having considered the application, the defendant's lack of objection, and

the pertinent factors regarding an award of attorneys' fees under the Equal

Access to Justice Act ("EAJA"), the plaintiff shall be awarded $3,943.50 in fees

to be paid, by virtue of a fee assignment, to plaintiff's counsel by the defendant.

The applicant represented the plaintiff in this action seeking review

of a denial of Social Security disability benefits and supplemental security

income payments. This matter was reversed and remanded to the Social

Security Administration by order of this court dated July 7, 2008 (Doc. 25).

Judgment was therefore entered in favor of the plaintiff (Doc. 26). The plaintiff

then filed this application for attorneys' fees under the EAJA (Doc. 27).

The EAJA requires a court to award attorneys' fees to any party

prevailing in litigation against the United States unless the court finds that the

position of the United States was "substantially justified" or that "special

circumstances" make such an award unjust. 28 U.S.C. 2412(d)(1)(A). In this

case, the applicant has requested an award of attorneys' fees in the amount of

$4,075.88 (Doc. 27). This amount represents 3.15 hours of service before the

court in 2007 at an hourly rate of $165.00 and 2.25 hours in 2008 at an hourly

rate of $171.38 by attorney Michael Steinberg and 18.5 hours in 2008 at an

hourly rate of $171.38 by attorney Martin Cohen (id., p. 2). The defendant has

no objection to the requested attorneys' fees (Doc. 28).

There is no question that the plaintiff is a prevailing party. See

Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Moreover, the defendant has not

suggested any basis for determining that an award of attorneys' fees would be

unjust. Consequently, the plaintiff is entitled to an award of attorneys' fees.

The claim of 23.9 hours for services performed in this case appears

reasonable. Importantly, the defendant has not challenged that claim.

-2-

As for counsel's hourly rate, the applicant asserts that a cost of living adjustment merits raising the hourly rate typically awarded from $125.00 per hour to $165.00 per hour for work performed in 2007, and $171.38 per hour for work performed in 2008 (Doc. 31, pp. 2-3). However, the request for 2008 has now plainly crossed into the area of unreasonableness.

The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living ... justifies a higher fee." 28 U.S.C. 2412(d)(2)(A). Over the years since the increase of the fee cap to $125.00 per hour (and it is a fee cap, not a fee minimum), many Social Security practitioners in this division have annually requested a cost-of-living adjustment. The Commissioner has not objected to these requests and I have therefore accepted them without evaluation, despite the fact that there came a point when I questioned whether the fee requests were reasonable. As a consequence of these annual increases, the cap of $125.00 per hour has, as of 2007, become a base of at least $165.00 per hour. Frankly, if that rate were subject to scrutiny following an objection, it would probably be found to be unreasonably high.

In all events, the request of more than $170.00 per hour for 2008 is patently beyond the bounds of reason. In this respect, I consider that it is

clearly unreasonable to award a lawyer who has prevailed in a Social Security case more than $170.00 per hour, when the maximum rate for criminal defense lawyers defending capital cases is $170.00 per hour. Unquestionably, it is far more demanding and challenging to defend a case where the defendant is facing the death penalty than it is to seek review of an adverse decision based upon an administrative transcript. Consequently, a lawyer prevailing in a Social Security case should not be paid a greater rate, or even a similar rate, than is paid to a criminal defense attorney defending a capital case. Accordingly, the request for a rate of $171.38 per hour for work done in 2008 is rejected.

However, as I have already done in other cases making a similar request, I will apply a rate of $165.00 per hour for work done in 2007, although that is only one dollar per hour less than was paid for work defending capital cases that year. Moreover, I will also use that rate for work done in 2008. Accordingly, all of the 23.9 hours billed in this case will be awarded at a rate of $165.00, for a total of $3,943.50.

Finally, it is requested that the attorney's fee be paid directly to plaintiff's counsel (Doc. 27, p. 1). In Reeves v. Barnhart, ___ F.3d ___, 2008 WL 1930587 (11th Cir. 2008), the Eleventh Circuit held that an EAJA award in a social security disability case is payable directly to the plaintiff, not counsel.

-4-

However, in this case, the plaintiff has agreed to assign the EAJA award to her counsel (Doc. 27-4). Furthermore, the defendant has not raised any opposition to an award of attorneys' fees under the EAJA directly to counsel in this circumstance (see Doc. 28). Therefore, by virtue of the fee assignment and the defendant's lack of opposition, the award of attorneys' fees is payable to plaintiff's counsel in this case.

For the foregoing reasons, the plaintiff's Petition for Attorneys' Fees (Doc. 27) is hereby **GRANTED.** The plaintiff is hereby awarded the amount of **$3,943.50** in attorneys' fees to be paid to the plaintiff's counsel by the defendant pursuant to the EAJA.

IT IS SO ORDERED.

DONE and ORDERED at Tampa, Florida, this 5th day of December, 2008.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE